HARRY EARL v. A. B. REID & CO.

[FILED MAY 6, 1891.]

1. **Second Trial:** FIRST SHOULD BE IGNORED. Where a verdict is set aside and a new trial granted, the second trial is to be conducted in precisely the same manner as if no trial had previously taken place.   The fact that a verdict had previously been rendered in favor of the plaintiff does not raise any presumption against the defendant which can be considered by the jury or court in the second trial.

2. **Evidence.** On the testimony contained in the record there is a failure to show a liability of the defendant to the plaintiff, upon the items set forth in the petition.

ERROR to the district court for Lancaster county.   Tried below before CHAPMAN, J.

*Lawrence & Heiskell,* for plaintiff in error.

*H. J. Whitmore, contra.*

MAXWELL, J.

The plaintiff filed a petition in the district court of Lan-caster county, in which he alleged "that on or about the 22d day of August, 1887, the plaintiff entered into the service of the defendants at their request, as agent to sell and dispose of .certain goods, to-wit, the Crandall Type-writers, of the value of $75, in the state of Nebraska; that this plaintiff was appointed to the agency for the state of Nebraska for the sale of said typewriters under the fol-lowing contract, made by and between defendants and plaintiff: That plaintiff was to sell four machines per month in 1887, eight per month in 1888, and sixteen per month in 1889, terms one-third off free on board at Chi-cago, defendants to deliver the typewriters free of charge by freight to this plaintiff; that defendants made a fraud-ulent contract in the aforesaid contract with this plaintiff, and perpetrated a fraud upon this plaintiff in this, to-wit, he, plaintiff, received one of the said typewriters in pursu-ance of said contract from defendants, and ordered four more, and was preparing to sell them in the state of Ne-braska, when he was given notice by the Crandall Type-writer Company, of Groton, New York, to refrain from selling said typewriters or any of them, under the agency of the defendants, or suffer the penalty of the law; and this plaintiff further says that the Crandall Typewriter Company had, at said time, the exclusive right and author-ity to sell said typewriters or to authorize others to sell them in the state of Nebraska; that said defendants had at said time no right nor authority whatever to sell or to employ others to sell said typewriters, or any of them in the state of Nebraska; that this plaintiff was wholly ig-norant of the Crandall Typewriter Company's exclusive right and authority to sell said typewriter machines, or their exclusive right to employ others to sell said type-writer machines in the state of Nebraska, and accepted the

typewriters and the agency for the sale of them in good faith from these defendants, believing at said time that said defendants had full power and authority to sell said typewriters, or to employ other agents to sell and dispose of them in the state of Nebraska; that defendants well knew, at the time of their fraudulent employment of this plaintiff to sell the aforesaid typewriters in the state of Nebraska, that they, the defendants, had no right or authority to so employ this plaintiff; that this plaintiff immediately upon receiving the aforesaid notice and demand from the Crandall Typewriter Company that he should not sell the typewriters in the state of Nebraska, did henceforth refrain from selling or attempting to sell them in the state of Nebraska; that before receiving notice from the Crandall Typewriter Company to desist from selling said typewriters, or any of them in the state of Nebraska, and before this plaintiff had knowledge that this employment by defendants was fraudulent and void, he, plaintiff, at defendant's instance and request, for necessary expenses for the purpose of making the business of selling the said typewriters a success and a profitable business in said state of Nebraska, paid out and expended to and for the use of defendants, and at their request, for the purpose of building and advertising the business of selling typewriters as aforesaid, the sums shown in the account of which the following is a copy:

"LINCOLN, NEB., Sept. 16, 1887.

"A. B. REID to HARRY EARL, DR.

Printer's bill .............................................. $44 50
Machine sample ............................................ 61 75
One month's clerk hire and operator................. 42 00
Postage on circulars ...................................... 1 25
Letter heads furnished, not included in printer's
    bill..................................................... 2 00
State directory............................................ 5 00

    Total..........................................$156 50

Which sum of $156.50 is due and unpaid, and in which sum this plaintiff has been damaged by the aforesaid fraudulent and deceitful employment of him, the said plaintiff, by the said defendants."

To this petition the defendants answered that "A. B. Reid is a resident of the city of Chicago, in the state of Illinois, and that he is in business in said city and state as a general dealer in typewriters, under the firm name and style of A. B. Reid & Co.; that on or about the 20th day of July, 1887, the plaintiff, through one K. Knuetson (whom defendant now understands to be the son-in-law of plaintiff), entered into an agreement with this defendant whereby this defendant agreed to sell and the plaintiff to buy Crandall typewriters at an agreed price of $50 each, free on board at Lincoln, if purchased in quantities of not less than four, otherwise free on board at Chicago; and defendant further agreed, in consideration of plaintiff's purchasing a certain specified number of said typewriters monthly, not to sell Crandall typewriters to any other persons for sale in the state of Nebraska so long as the plaintiff should comply with said terms; that defendant has always been and up to the beginning of this suit was ready, able, and willing to do and perform all the matters and things on his part to be done and performed under said arrangement, but that plaintiff has utterly and entirely failed and refused to buy or receive or pay for any of said typewriters of this defendant, and has not at any time since said arrangement was made purchased a single typewriter of this defendant; that by reason of said failure on plaintiff's part said agreement was ended and became of no force and effect long before this suit was commenced; that the foregoing is the only contract or agreement ever made between this defendant and the plaintiff; that on or about the 8th day of September, 1887, the said K. Knuetson, in the name of said plaintiff, telegraphed from Nebraska City, Nebraska, to this defendant to ship four Crandall type-

writers to H. Earl, Lincoln, Nebraska, by express, C. O. D.; that this defendant shipped said machines as directed, but that the same were attached by plaintiff upon their arrival in the city of Lincoln, and defendant now believes that said machines were ordered by plaintiff solely to enable plaintiff to commence this suit, and not in pursuance of any contract or agreement made with this defendant."

The reply is a general denial.

There were two trials in the district court. In the first trial the plaintiff recovered, but the verdict was afterwards set aside, and on the second trial the verdict was in favor of the defendant, upon which judgment was rendered. It appears to be claimed on behalf of the plaintiff that in such case greater proof is required on the behalf of the defendant than would be necessary had the verdict not been set aside. This is not the case, however. Where a verdict is set aside and a new trial granted, the second trial will proceed precisely in the same manner as if no previous trial had been had.

Second—It is very doubtful if the petition states a cause of action. As to most of the items it certainly fails to do so. The plaintiff, so far as appears, voluntarily and without any inducement from the defendant purchased the goods in question. It is difficult to perceive, therefore, upon what ground the defendant can be liable for such purchases. Aside from this, the testimony fails to show any liability of the defendant to the plaintiff.

The defendant was a wholesale dealer in typewriters in Chicago, and sold certain typewriters to the plaintiff to be sold in Nebraska. The plaintiff does not allege that the defendant gave him the exclusive agency to sell such typewriters and the proof fails to show any such representations. That the defendant did have the right to sell typewriters in the state is clearly shown by the proof, although the plaintiff does not appear to have made any effort to sell the same. In fact he was a mere figurehead, the real party

6

who conducted the business in his name being his son-in-law.   It is evident that the order for four typewriters was not made in good faith, but as a means of getting property of the defendant within the state so that an attachment could be levied thereon.

From the testimony before the court the plaintiff cannot recover and the judgment is

AFFIRMED.

THE other judges concur.